IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**

v.                                          CRIMINAL NO. 23 CR 318 (GMM)

**WILLIAM ABREU-GARCIA**

**Defendant**

_____

**INFORMATIVE MOTION REGARDING PRETRAIL PUBLICITY AND PENDING DISCOVERY**

TO THE HONORABLE COURT:

Comes now, WILLIAM ABREU-GARCIA, through his undersigned Counsel, and to this Honorable Court very respectfully submits the following:

1.      Approximately a month ago, appearing Counsel was watching a news morning show in local TV station Univisión, Channel 11, called En la Mañana and I saw a segment related to this case. At the studio the HSI Director in the San Juan Office, (whose name I cannot recall) and another woman that identified herself as the head of the local social workers association were interviewed specifically as to the facts of this case.

2.      In regards to this case, the HSI Director stated the case broke open due to the intervention of a public school social worker that interviewed the minor and her mother regarding alleged sexual assaults by three men after her aunt had coordinated the incidents. A picture was shown of the person that is currently a fugitive in this case and

other details of the HSI campaign against child abuse in general and these cases in particular were discussed publicly.

3. This pretrial publicity that reaches potential jurors, were this case go to trail, is not conducive to a fair process and jury trial. I do want to clarify that I mentioned this to AUSA Daynelle Alvarez personally during the viewing of two (2) videos at the HSI Office in Puerta de Tierra and she seemed authentically surprised this publicity was being aired on local TV.

4. Defendant requests to know what other publicity regarding the case has been aired by federal authorities, either on local TV, social media, or radio so that I can take note of it and determine what damage has been caused to the impartiality of prospective jurors. I must clarify that I usually do not watch local news so this was just an accident and I am unaware of any other public discussions.

5. I also request and insist on what I have been requesting the DOJ in writing since March 21, 2025, in particular, the report by the social worker and any other report by the Family Department related to this intervention by the school social worker. We also need to examine any Police of Puerto Rico (POPR) report that routinely accompanies any report of child abuse under Puerto Rico Law number 57.

6. In order to move this case while the discovery is finished, Counsel requests the Prosecution send me a proposed plea agreement to discuss personally with my client when I have an opportunity since I am currently trying a jury trial In San Juan and another criminal case in Carolina.

7.  Counsel has a few other items regarding discovery that need to be discussed with AUSA Alvarez that are continuing and I hope to resolve without the Honorable Court's intervention.

WHEREFORE, defendant requests this Honorable Court to take notice of the information provided and order the production of the requested documents.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this the 29TH day of May, 2025.

**S/ MICHAEL S. CORONA-MUÑOZ**
**USDC #202505**
**110 BORINQUEN STREET**
**SUITE 4-1**
**TRUJILLO ALTO,PR 00976**
**Tel. (787) 281-6215; 691-9325**
**Fax (787) 758-5396**
**liccorona@msn.com**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, May 29, 2025, a true and correct copy of this motion was provided via electronic mailing through the CM/ECF system to unknown AUSA at her known electronic address at the United States Attorneys' Office.

**S/ MICHAEL S. CORONA -MUÑOZ**